## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAGDISH PATEL and KISHAN PATEL, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 14-cv-08127 (WJM)(MF) |
| | : | |
| v. | : | |
| | : | |
| JIGNESH PANDYA, KRUPA PATEL, JNP | : | |
| FOODS, LLC, RONAK FOODS, LLC, | : | |
| ROHAN PROPERTIES, LLC, SHREE | : | **MOTION TO QUASH SUBPOENAS** |
| SIDDHIVINAYAK, LLC, HARIDRA, LLC, | : | |
| SRI PRATHAMESH, LLC, CT PIZZA, LLC, | : | |
| EDISON PIZZA, LLC, JOHN/JANE DOES | : | |
| 1-10, and XYZ COMPANIES 1-10 | : | |
| | : | |
| Defendants | : | |

Defendants, by and through their counsel, Baratta, Russell & Baratta, hereby move this

Honorable Court to quash the subpoenas issued by plaintiffs, Jagdish Patel and Kishan Patel

("Plaintiffs"), to Paren Dixit, CPA and Mita Enterprises, LLC and in support thereof, aver as

follows:

1.    Plaintiffs have served two subpoenas, one on Paren Dixit, CPA ("Paren Dixit")

and one on Mita Enterprises, LLC ("Mita"). A copy of the subpoenas are attached collectively

hereto as Exhibit "A."

2.  Plaintiffs' subpoena to Paren Dixit requests the following documents be produced:

1)    All documents and ESI (electronically stored information) relating to the
formation of CT Pizza and/or any due diligence performed in connection
with same;

2)    All banking accounting, and tax records for CT Pizza;

3)    All documents and ESI relating to any capital calls or capital contributions
made to CT Pizza or any other company owned or operated by Pandya
that operates Pizza hut franchises;

4)     All documents and ESI relating to communications between You and anyone else regarding the acquisition (or potential acquisition) of any Pizza Hut franchise in Connecticut and/or New Jersey by Pandya and/or any company owned or operated by Pandya;

5)     All documents and ESI relating to communications between you and J. Patel;

6)     All documents and ESI relating to communications between you and K. Patel;

7)     All documents and ESI relating to communications between you and Krupa Patel.

3.   Plaintiffs' subpoena to Mita requests the following documents be produced:

1)     All documents and ESI relating to the Asset Sale, including, but not limited to any due diligence performed in connection with same and any documents relating to the operation of the Pizza Hut restaurants involved in the Asset Sale;

2)     All banking, accounting, and tax records for the Pizza Hut restaurants involved in the Asset Sale from 2009-2012;

3)     All documents and ESI relating in any way to liquor licenses used by any of the Pizza Hut restaurants involved in the Asset sale;

4)     All documents and ESI relating to communications between You and Pandya regarding the Asset Sale;

5)     All documents and ESI relating to communications between you and J. Patel;

6)     All documents and ESI relating to communications between you and K. Patel;

7)     All documents and ESI relating to communications between you and Krupa Patel.

4.     Requests 5-7 of both the Paren Dixit subpoena and the Mita subpoena are not narrowly tailored to the facts and circumstances related to this litigation.

5.     The subpoena responses will encompass confidential business information irrelevant to this litigation because defendant, Jignesh Pandya, has multiply business ventures.

6.     Plaintiffs' subpoenas are not properly restricted to information regarding CT Pizza, LLC, the business in which plaintiff, Kishan Patel, is involved.

7.     Plaintiffs have no basis upon which to seek confidential business information unrelated to this litigation.

8.     Federal Rule 45(d)(3)(A)(iii) authorizes the Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter.

9.     Communications involving Jignesh Pandya's multiple business ventures, which are not subject to this litigation, are clearly confidential information and protected from disclosure.

10.     Requests 5-7 of Plaintiffs' subpoenas are vastly overbroad, seek confidential information, and seek information that is not relevant to this case.

WHEREFORE, it is respectfully requested that the attached Order be entered.

Respectfully submitted,

BARATTA, RUSSELL & BARATTA

BY: /s/ Courtney D. Zeuner_____
       COURTNEY D. ZEUNER, ESQUIRE
       Attorney for Defendants
       3500 Reading Way
       Huntingdon Valley, PA 19006
       (215) 914-2222

DATED: June 30, 2015