UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAGDISH PATEL, et al.** | |
| Plaintiffs, | Civ. No. 14-8127 (WJM) |
| v. | |
| **JIGNESH PANDYA, et al.** | OPINION |
| Defendants. | |

      Plaintiffs Jagdish Patel and Kishan Patel (collectively, "Plaintiffs") bring this matter, asking the Court to strike counts II-VI of Defendant Jignesh Pandya and CT Pizza LLC's (collectively, "Defendants") counterclaims for failure to seek the Court's leave prior to raising them in the amended answer or, in the alternative, to dismiss them under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, Plaintiffs' motion to strike is **GRANTED**.

I.    BACKGROUND

      The Court will eschew a discussion of the facts underlying the parties' disagreements, which were examined in a prior opinion, and will instead focus on the procedural history of this action. (*See* Docket No. 34.) The Plaintiffs filed the instant action alleging eleven breach of contract and fraud-based claims. Defendants then filed a motion to dismiss, which was denied by this Court. (*See id.*) Subsequently, Defendants filed counterclaims based on a breach of the Operating Agreement and fraud. Plaintiffs moved to transfer the counterclaims arising under the Operating Agreement, arguing that the dispute resolution clause within the Agreement requires such claims be brought in Connecticut. (*See* Amended and Restated Limited Liability Company Operating Agreement of CT Pizza, LLC, ECF No. 39-1, § 9.8.) In addition, Plaintiffs sought to dismiss the fraud counterclaim under the economic loss doctrine, the parol evidence rule, and for failure to meet the specificity requirements of Rule 9(b) of the FRCP. (*See* Docket No. 45.) While the motion was being briefed, Plaintiffs moved to amend

1

their complaint, which was opposed by Defendants.  Plaintiffs represented that they would not change any of their substantive claims, but would instead only name two additional parties as defendants.  Judge Falk granted the request to amend.  (*See* Docket No. 46.)

Consequently, the parties entered into a Consent Order whereby, the fraud counterclaim would be dismissed without prejudice, Plaintiffs would be permitted to file an amended complaint naming the two additional parties, and the motion to transfer would be withdrawn.  (*See* Docket No. 50.)  Thereafter, Plaintiffs filed their amended complaint and Defendants filed an answer, which included the original breach of contract counterclaim and five new counterclaims.  Plaintiffs then filed the instant motion to strike the new counterclaims or, in the alternative, dismiss them.

## II.   DISCUSSION

Plaintiffs' motion to strike the new counterclaims (Counts II-VI) is predicated on:  (i) that Defendants required leave of Court to file the new or amended counterclaims under FRCP 15(a)(1) and (ii) that such leave was not provided in the Consent Order signed by Judge Falk.  Defendants argue in turn that the language of the Consent Order provided both permission from the Plaintiffs and leave of Court to file the new counterclaims.

Rule 15(a) of the FRCP governs when a party may amend its pleadings and applies equally to amendments to counterclaims.[1]  Pursuant to Rule 15(a)(1), Defendants' ability to unilaterally amend the counterclaims expired twenty-one days after Plaintiffs served their motion to transfer/dismiss, on October 5, 2015.  Thus, in order for Defendants to now amend or add new counterclaims they require either written consent from the Plaintiffs or leave from this Court.  Fed. R. Civ. P. 15(a)(2).  Correspondingly, the Court will first determine whether such leave was provided and, if not, whether the new counterclaims are permitted without leave.

While the parties have submitted affidavits from their lawyers as to the alleged intent behind the Consent Order, the Court will restrict itself to the language of the Order, which the parties agreed to and was signed by Judge Falk.  (*See* Docket No. 50.)  Reading the plain language of the Consent Order, the Court agrees with Plaintiffs that no leave or consent was provided.  While the Consent

---

[1] The 2009 amendments to the FRCP abrogated Rule 13(f), which dealt with amendments to counterclaims, and instead directed litigants to Rule 15(a).  *See* Fed. R. Civ. P. 13 advisory committee nt. (2009).

Order permits Defendants to respond to the Amended Complaint, such response is predicated on following the Federal Rules of Civil Procedure. There is no explicit allowance from this Court for Defendants to update their response with new counterclaims. Similarly, the Court finds Defendants' attempt to unearth Plaintiffs' consent within the phrase "Plaintiff shall respond to *any* counterclaim" unavailing. (*See id.* (emphasis added).) Accordingly, should the Court find that Defendants improperly added new counterclaims, Counts II-VI will be stricken.

      The Consent Order allowed Plaintiffs to file an Amended Complaint merely adding two parties as defendants, and Defendants do not dispute that this was the only change made. Relying on *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, Plaintiffs' argue that Defendants' added counterclaims are beyond the scope of the minor changes in the Amended Complaint, asking the Court to apply a moderate view as to what a defendant can change in an amended response. No. CIV. A. 06-2256, 2007 WL 2459349, at *6 (D.N.J. Aug. 24, 2007). In *Slim CD*, the court surveyed pertinent case law to determine the scope of amended or new counterclaims that a defendant may raise when responding to an amended pleading. Finding that there are three competing approaches, the court adopted the "moderate" view, which allows for an amended response adding claims without leave only when "the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."[2] *Id.* While *Slim CD* was decided prior to the 2009 amendments to the FRCP, courts have continued to apply the moderate approach, finding that the repeal of Rule 13(f) and the substitution of Rule 15(a) does not affect the viability of either the moderate or permissive approaches—though foreclosing the narrower view. *See, e.g., Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 631 (E.D. Va. 2014); *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *3 (E.D. Cal. May 6, 2015). The moderate approach is in line with the Third Circuit's liberal attitude towards amendment, but allow the Court to properly exercise its discretion and deny leave to amend or add new counterclaims where there may be undue delay or prejudice, bad faith, or futility. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002) (noting that the permissive approach "would

---

[2] The narrower view permits a defendant to amend a response strictly to the changes in the amended complaint and the permissive view allows a defendant the right to make any amendments regardless of the scope of the plaintiff's changes.

deprive the Court of its ability to effectively manage the litigation"). Consequently, the moderate approach appears to be the one employed by a majority of the district courts tackling this issue and is favored by commentators as well. *See, e.g., Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 3:02CV02253 (AHN), 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005); *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012); *Panoceanis Mar., Inc. v. M/V EULA B. DEVALL*, No. CIV.A. 11-2739, 2013 WL 264616, at *3 (E.D. La. Jan. 23, 2013); *Virginia Innovation*, 11 F. Supp. 3d at 631; *see also* 3-15 Moore's Federal Practice - Civil § 15.17[6] (2015).

Applying the moderate approach, the Court finds that Defendants' addition of new counterclaims is not permissible as of right and clearly exceeded the scope of the minimal changes Plaintiffs were allowed to make in the Amended Complaint. Plaintiffs' addition of two defendants did not expand the scope of the case. Defendants assert in their sur-reply that in spite of their new counterclaims the scope of the case "has not changed one iota." (Defs.' Sur-Reply in Further Opp'n 4.) Referring only to "parties . . . , facts and circumstances," Defendants fail to acknowledge that their additional causes of action (five in this case) expand the theory and, thus, the scope of the case. (*Id.*) Moreover, none of the new counterclaims are asserted by the added defendants. Instead, Defendants Pandya and CT Pizza raise a number of tort and fraud claims that could have been brought in the original answer.[3] As such, Defendants were not permitted to raise these new counterclaims in their amended answer under Rule 15 without either consent from the Plaintiffs or leave from this Court—neither of which were provided in the Consent Order.

At this juncture, the Court finds that it cannot allow leave to amend *nunc pro tunc* without a full consideration of Defendants' justifications for the delay and a demonstration that, for example, the amended counterclaims were not brought in bad faith and are not unduly prejudicial. Therefore, Plaintiffs' motion to strike is granted without prejudice to Defendants' right to bring a motion for leave to amend.

## III.  CONCLUSION

---

[3] For the purposes of this motion to strike, the Court will accept Defendants' contention that the fraud claim is not the same as the one dismissed without prejudice in the Consent Order.

For the reasons above, the Court **GRANTS** Plaintiffs' motion to strike. Defendants may move for leave to amend their response to add the new counterclaims.  An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  May 31, 2016**