

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Maria R. Fruci, Esq.
Member of NJ and NY Bars
mfruci@genovaburns.com
Direct: 973-646-3262

February 15, 2019

**VIA ECF**
Honorable Mark Falk, U.S.M.J.
Frank R. Lautenberg U.S. P.O. & Courthouse
1 Federal Square, Box 2797
Newark, New Jersey 07102

  Re: **Patel v. Pandya, et. al**
     **Civil Action No.: 14-8127(WJM)(MF)**

Dear Judge Falk:

  We write to seek the Court's assistance with a discovery issue that has arisen which the parties have not been able to arise. Specifically, Plaintiffs issued a subpoena *duces tecum* to Dunkin Donuts ("Dunkin") on or about January 14, 2019, which requested documents related to Defendant's litigation involving multiple investors and Dunkin Donuts franchise locations[1] that Your Honor may recall. Defendants at no time objected to the Subpoena – and in fact, had requested similar records in their own subpoena to Dunkin. As such, Dunkin contacted Plaintiffs' counsel advising that documents responsive to the Subpoena would be produced with a "Confidential" designation in accordance with the Stipulated Joint Discovery Confidentiality Order entered into in this matter ("the Confidentiality Order")[2] and sought confirmation from the parties that the terms of same would govern the use of these documents with respect to the instant litigation.

  Upon Plaintiffs' request that Defendants provide confirmation, Defendants advised that they will not consent to same. Instead, they have requested that Dunkin produce the documents to their counsel's office so they can determine whether there is any objection. This is not the standard under the Rules and should not be permitted. As such, Plaintiffs respectfully submit that the Court execute the enclosed proposed Order[3] directing Dunkin to produce the documents responsive to the Subpoena with a "Confidential" designation in accordance with the Confidentiality Order.

---

[1] These documents were previously requested by Plaintiffs in their Requests for Production of Documents to Defendants, as well as information related to these records in Plaintiffs' Interrogatories to Defendants.

[2] See Exhibit A attached hereto for a true and correct copy of the August 7, 2015 Confidentiality Order.

[3] See Exhibit B.



Honorable Mark Falk, U.S.M.J.
February 15, 2019
Page 2

      Finally, upon the completion of Defendants' depositions, Plaintiffs have learned of new issues with respect to Defendants' assets, investments and the flow of funds in which Plaintiffs have an interest in the event of a successful outcome in this matter. In light of this information, Plaintiffs also note their intention to file a motion to appoint a receiver over Defendants – specifically the Rohan Group of Companies – during the pendency of this litigation to ensure that further assets of Defendants are not disposed of that would prejudice Plaintiffs, prior to the next filing date of February 22, 2019.

      We thank the Court for its continued attention to this matter. Please feel free to contact our office should Your Honor have any questions.

      Respectfully submitted,

**GENOVA BURNS LLC**

*s/ Maria R. Fruci*

MARIA R. FRUCI

MRF/PJD
Enclosures
c:    Rajiv D. Parikh, Esq. (via ECF)
      Steve Varano, Esq. (via ECF)
      Joseph Slawinski, Esq. (via ECF)
      Julia C. Colarusso, Esq. (via electronic mail)

14594981v1 /22109.001

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAGDISH PATEL and KISHAN PATEL,

        Plaintiffs,

v.

JIGNESH PANDYA, KRUPA PATEL, JNP FOODS, LLC, RONAK FOODS, LLC, ROHAN PROPERTIES, LLC, SHREE SIDDHIVINAYAK, LLC, HARIDRA, LLC, SRI PRATHAMESH, LLC, CT PIZZA, LLC, EDISON PIZZA, LLC, JOHN/JANE DOES 1-10, and XYZ COMPANIES 1-10,

        Defendants.

Civil Action No.:
2:14-cv-08127-WJM-MF

---

### STIPULATED JOINT DISCOVERY CONFIDENTIALITY ORDER

Plaintiffs, Jagdish Patel and Kishan Patel ("Plaintiffs"), and defendants, Jignesh Pandya, Krupa Patel, JNP Foods, LLC, Ronak Foods, LLC, Rohan Properties, LLC, Shree Siddhivinayak, LLC, Haridra, LLC, Sri Prathamesh, LLC, CT Pizza, LLC, and Edison Pizza, LLC ("Defendants"), hereby stipulate and agree, through their respective attorneys of record as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good

faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

    2.    Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

    3.    All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by

Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. If counsel for either party desires to file with the Court materials that it designated as Confidential, counsel shall electronically file the Confidential materials under the designation "confidential materials" pursuant to Local Civil Rule 5.3(c)(3) and simultaneously file a motion to seal the Confidential materials pursuant to Local Civil Rule 5.3(c). If counsel for either party desires to file with the Court materials that were designated as Confidential by another party or a nonparty, counsel shall file such materials with the Court under temporary seal, along with a request for a "temporary order to seal" under Local Civil Rule 5.3(c)(6). Counsel shall also simultaneously provide notice to the designating party or nonparty, that Confidential materials have been filed with the Court under temporary seal. Any such notice shall describe with particularity the Confidential materials that have been filed with the Court. Within fourteen (14) days of the filing of the Confidential materials under temporary seal, the designating party or nonparty shall file with the Court a motion to seal the Confidential

materials pursuant to Local Civil Rule 5.3(c). If no timely motion to seal is filed, the Confidential designation will be deemed to be void and the materials filed under temporary seal will be made available to the public. The filing of a request for a temporary seal shall not prejudice or waive the non-designating party's ability to oppose a motion to seal or otherwise contest the Confidential designation.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself

constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject

to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED.**

Dated: 8/7/15

_____
HON. MARK FALK, U.S.M.J.

**AGREED TO BY COUNSEL OF RECORD:**

**GENOVA BURNS LLC**
Attorneys for Plaintiffs,
Jagdish Patel and Kishan Patel

Dated: August 6, 2015　　　　By: s/ Rajiv D. Parikh
　　　　　　　　　　　　　　　　RAJIV D. PARIKH, ESQ.

**BARATTA, RUSSELL & BARATTA**
Attorneys for Defendants,
Jignesh Pandya, Krupa Patel, JNP Foods, LLC, Ronak Foods, LLC, Rohan Properties, LLC, Shree Siddhivinayak, LLC, Haridra, LLC, Sri Prathamesh, LLC, CT Pizza, LLC, Edison Pizza, LLC

Dated: August 6, 2015　　　　By: s/ Kenneth C. Russell
　　　　　　　　　　　　　　　　KENNETH C. RUSSELL, ESQ.

# EXHIBIT B

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq.
Maria R. Fruci, Esq.
494 Broad Street
Newark, New Jersey 07102
Telephone:    (973) 533-0777
Facsimile:    (973) 533-1112
rparikh@genovaburns.com
mfruci@genovaburns.com
*Attorneys for Plaintiffs*
*Jagdish Patel and Kishan Patel*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAGDISH PATEL and KISHAN PATEL,<br><br>Plaintiffs,<br><br>v.<br><br>JIGNESH PANDYA, KRUPA PATEL, JNP FOODS, LLC, RONAK FOODS, LLC, ROHAN PROPERTIES, LLC, SHREE SIDDHIVINAYAK, LLC, HARIDRA, LLC, SRI PRATHAMESH, LLC, CT PIZZA, LLC, EDISON PIZZA, LLC, JOHN/JANE DOES 1-10, and XYZ COMPANIES 1-10,<br><br>Defendants. | Civil Action No.:  14-cv-8127(WJM)(MF)<br><br>**ORDER COMPELLING DUNKIN DONUTS' PRODUCTION OF DOCUMENTS PURSUANT TO CONFIDENTIALITY ORDER** |

This matter having been opened to the Court by Genova Burns, LLC attorneys for plaintiffs, Jagdish Patel and Kishan Patel ("Plaintiffs") regarding outstanding discovery and the production of documents from third-party Dunkin Donuts in response to a Subpoena *duces tecum* served on it by Plaintiffs; and the Court having considered all papers submitted in connection with this issue; it is hereby **ORDERED** that:

1

1. Dunkin Donuts shall produce all documents responsive to Plaintiffs' January 14, 2019 Subpoena served upon it, with a "Confidential" designation in accordance with August 7, 2015 Stipulated Joint Discovery Confidentiality Order in this matter.

_____
**MARK FALK**
**United States Magistrate Judge**